Filed 12/1/22  P. v. Woods CA1/5
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANTHONY LAMONT WOODS, JR.,<br><br>    Defendant and Appellant. | A165150<br><br><br>(Alameda County<br>Super. Ct. Nos. 20-MH-012743,<br>   20-CR-012743) |

Defendant Anthony Lamont Woods, Jr., appeals from an order finding him not competent to stand trial, committing him to the State Department of State Hospitals pursuant to Penal Code[1] section 1367 et seq., and authorizing the involuntary administration of antipsychotic drugs.  His appointed counsel has filed a brief raising no issues, asking us to independently review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 or, alternatively, to exercise our discretion to retain the appeal as prescribed in *Conservatorship of Ben C.* (2007) 40 Cal.4th 529 (*Ben C.*).  Defendant subsequently filed a supplemental brief raising certain issues for our consideration.  While *Wende* review is not mandated, we exercised our discretion to review the record and

---

[1] Unless otherwise stated, all statutory citations are to the Penal Code.

1

agree with counsel there are no cognizable issues on appeal. We therefore affirm the order.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 28, 2020, a complaint was filed charging defendant with murder, with allegations including that he personally and intentionally discharged a firearm causing death or great bodily injury.

On November 9, 2020, the trial court suspended the proceedings and appointed two expert evaluators after defense counsel expressed doubt as to defendant's mental competence to stand trial (§§ 1368–1369). At a subsequent hearing, counsel stipulated to submitting the issue of defendant's mental competency on the basis of the expert evaluations. The court thus found based on these evaluations that defendant was incompetent to stand trial and referred the matter to the department's Conditional Release Program (CONREP) for a recommendation regarding his proper placement (§ 1370).

On January 28, 2021, the court adopted CONREP's recommendation to commit defendant to the State Department of State Hospitals for a term not to exceed two years (§ 1370, subds. (a)(1)(B)(i), (c)(1)).

On September 9, 2021, the hospital medical director filed a certificate of mental competency opining that defendant was mentally competent (§ 1372). Defendant requested a hearing and, on March 1, 2022, filed an expert competency evaluation and report from John M. Greene, M.D., opining that he remained mentally incompetent.

On March 4, 2022, a hearing was held pursuant to section 1372 to determine whether defendant was restored to competence. The parties agreed to submit the question of defendant's competency on the basis of Dr. Greene's evaluation. At the hearing's conclusion, the court ruled

2

defendant was not competent to stand trial; ordered him committed to Napa State Hospital; and authorized the use of involuntary antipsychotic medications upon finding that he lacked the capacity to make decisions regarding medication and if not treated, it was probable he would suffer serious harm to his mental or physical health. This appeal of the court's competency finding and commitment order followed.

## DISCUSSION

Defendant's appellate counsel asks this court to conduct an independent review of the record in accordance with *Wende* review. However, counsel acknowledges the California Supreme Court's decision in *Ben C.*, which held that *Wende* review is inapplicable to appeals of Lanterman-Petris-Short Act conservatorship proceedings under Welfare and Institutions Code section 5000 et seq. (*Ben C., supra*, 40 Cal.4th at pp. 538–543.) Counsel also acknowledges the holding of our First Appellate District, Division Three colleagues in *People v. Blanchard* (2019) 43 Cal.App.5th 1020, 1024–1025, that due process does not require independent review in incompetency commitment proceedings such as these. Instead, under these circumstances, appointed counsel should follow the process identified in *Ben C.* by filing a brief setting forth the relevant facts and law and informing the court that he or she has found no arguable issue to be pursued on appeal. The filing of such a brief generally provides an adequate basis for dismissal. (*Id*. at pp. 1025–1026.)

However, appellate counsel also asked that we provide defendant with the opportunity to file a supplemental brief. We granted counsel's request, and defendant then took this opportunity to file his own brief. In recognition of defendant's filing, we have exercised our discretion to conduct an independent review of the record as described in *Wende*. In doing so, we

3

acknowledge the significant privacy interests at stake when, as here, the state has imposed restraints on an individual's freedom and autonomy. (See *Ben C., supra*, 40 Cal.4th at p. 544, fn. 7; see also *id*. at p. 545 (dis. opn. of George, C. J.).)

Nonetheless, we agree with counsel that, on this record, there are no arguable issues on appeal. Defendant was at all times represented by able counsel. The finding that defendant remained incompetent to stand trial was supported by substantial evidence set forth in the expert's evaluation. Lastly, the orders to commit defendant and to authorize the involuntary administration of antipsychotic drugs are authorized by law.

## DISPOSITION

The March 4, 2022 order finding defendant incompetent to stand trial, committing him to the State Department of State Hospitals, and authorizing the involuntary administration of antipsychotic drugs is affirmed.

_____
Jackson, P. J.

WE CONCUR:

_____
Simons, J.

_____
Burns, J.

A165150/*People v. Anthony Lamont Woods, Jr.*

4